[Cite as *Mitchell v. Ohio Dept. of Transp.*, 2011-Ohio-6907.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BERTHA L. MITCHELL

    Plaintiff

    v.

DEPARTMENT OF TRANSPORT OHIO

    Defendant

Case No. 2011-05963-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Bertha Mitchell, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that her 2003 Volkswagon Passat was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 near Eaton, Ohio. In her complaint, plaintiff described the particular damage event noting that she struck a pothole that spanned nearly the entire width of her lane of travel. Plaintiff recalled that the damage incident occurred "on or about February 12, 2011, at 8:00 p.m." Plaintiff seeks recovery of damages in the amount of $405.56, the stated cost for two replacement tires. Payment of the filing fee was waived.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 12, 2011 incident. Upon investigation, defendant located plaintiff's incident "between mileposts 4.91 and 6.91 on I-70 in Preble County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that this section of roadway has an average daily traffic count of over 14,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to

establish the length of time that any pothole existed in the vicinity of her incident on I-70 prior to February 12, 2011. Defendant suggested that "it is likely the pothole existed for only a short time before the incident."

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Preble County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to February 12, 2011. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove that her property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶4} Plaintiff filed a response stating that defendant should be held liable for her damages because the potholes were located in the direct path of her vehicle which she claims "places the road hazard in the right-of-way." Plaintiff cites *Harris v. Ohio Dept. of Transp.* (1994), 83 Ohio App.3d 125, 614 N.E.2d 779, for the proposition that defendant may be held liable if a hazardous condition remains in the roadway and jeopardizes the traveling public. The court notes that *Harris* is not applicable to the circumstances in this case inasmuch as that case involved an embankment located in the median off the traveled portion of the roadway. In addition, plaintiff maintains that the sheer size of the pothole she struck was sufficient to provide constructive notice to defendant.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced

furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on I-70 prior to February 12, 2011.

{¶8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time

standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Despite the arguments presented in her response, plaintiff has provided insufficient evidence to prove that ODOT had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BERTHA L. MITCHELL

    Plaintiff

    v.

DEPARTMENT OF TRANSPORT OHIO

    Defendant

Case No. 2011-05963-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Bertha L. Mitchell                          Jerry Wray, Director
305 Nelson Court                            Department of Transportation
Champaign, Illinois  61820                  1980 West Broad Street
                                            Columbus, Ohio  43223


8/4
Filed 8/11/11
Sent to S.C. reporter 1/3/12